UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDRA LOYOLA,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No.  2:25-cv-01550-CKD SS

ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  Plaintiff has filed a motion for summary judgment and, in response, defendant has filed a motion to remand and opposition.  (ECF Nos. 17 & 24.) Plaintiff has filed a reply.  (ECF No. 27.)  The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment.  For the reasons discussed below, the court will grant plaintiff's motion for summary judgment except as to remedy, and grant defendant's motion for remand.

////

////

////

1

BACKGROUND

Plaintiff, born in 1986, was found disabled as of June 15, 2013, when she was in a motor vehicle accident, in a determination dated February 19, 2016.  Administrative Transcript ("AT") 5428, 5443, 5507.  Pursuant to a continuing disability review, plaintiff's benefits ceased as of March 1, 2018.  AT 5428, 5685-87.

On November 29, 2018, plaintiff filed a second claim, alleging June 15, 2013 as the disability onset date.  AT 383-393.  This claim was denied by an Administrative Law Judge (ALJ) in 2021 (AT 13-42), but was subsequently remanded by a March 18, 2024 order of the district court.  AT 5612-18; Loyola v. O'Malley, No. 2:22-cv-1922 DB, 2024 WL 1160630 (E.D. Cal. Mar. 18, 2024).

On May 30, 2024, the Appeals Council noted that plaintiff filed a third claim on January 31, 2023 and ordered the ALJ to consolidate that claim with the second, remanded claim.  AT 5428, 5625.

In the March 6, 2025 ALJ decision at issue here, the ALJ consolidated the claim files and evidence and issued a decision on the consolidated claims.  AT 5428.  The ALJ noted: "Because the claimant was previously found disabled for the period from June 15, 2013, through March 1, 2018, the consideration of evidence for purposes of [the ALJ's challenged decision of March 6, 2025] begins March 2, 2018."  AT 5428.

In the challenged 2025 decision, the ALJ determined that plaintiff was not disabled.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since November 29, 2018, the application date.
>
> 2. The claimant has the following severe impairments: cervical spine disorder with fusion and radiculopathy; right knee disorder; right shoulder disorder; lumbar spine disorder with sciatica symptoms and radiculopathy; asthma; headache disorder; and obesity.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of light work [with multiple physical and mental

limitations].

5.  The claimant has no past relevant work.

6.  The claimant was born [in 1986], which is defined as a younger individual age 18-49 on the date the application was filed.

7.  The claimant has a limited education.

8.  Transferability of job skills is not an issue in this case because the claimant does not have past relevant work.

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10.  The claimant has not been under a disability, as defined in the Social Security Act, since November 28, 2019, the date the application was filed.

AT 5428-5445.

ANALYSIS

    A.   The Parties Agree that the ALJ Applied the Wrong Standard

    In her motion for summary judgment, plaintiff argues that the ALJ's "decision should not stand because its entire method of evaluation was wrong."  (ECF No. 17 at 7.)  While the ALJ applied the standard five-step evaluation process on remand, plaintiff argues that she should have applied the eight-step sequential evaluation under 20 C.F.R. § 416.994(b)(5), or continuing disability review.

    When the agency reviews a claimant's continuing entitlement to benefits, it "must determine if there has been any medical improvement in [the claimant's] impairment(s) and, if so, whether this medical improvement is related to [her] ability to work."  20 C.F.R. §§ 404.1594.(b)(1), (b)(7).  "Medical improvement" is defined as

> any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled.... A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs, or laboratory findings associated with [claimant's] impairment(s).

20 C.F.R. § 416.994a(c).  "In other words, the key question is not whether the claimant still suffered from the same medical problem he had when benefits were awarded, but whether the

severity of the problem had decreased sufficiently to enable him to engage in gainful activity." Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1005 (9th Cir. 2006).

In her motion, plaintiff argues: "A reviewing court can hardly speculate whether an ALJ would wind up with the same 'ultimate disability determination' under the correct, eight-step evaluation of [continuing disability review] as it did under the erroneous five-step evaluation." (ECF No. 17 at 8.)

Defendant agrees. In his opposition to summary judgment, defendant states that it is undisputed that the ALJ did not use the correct eight-step evaluation to determine whether plaintiff had a continuing disability. (ECF No. 24 at 4.) Notably, "the ALJ made no findings regarding medical improvement, a concept central to the continuing disability review analysis." (Id.) Defendant argues that remand is necessary so that an ALJ can apply the proper legal standards of continuing disability review to plaintiff's claims. (ECF No. 24 at 5.)

In reply, plaintiff opposes remand, arguing that the proper remedy for the ALJ's error is payment of benefits. Plaintiff argues that a voluminous record reflecting plaintiff's "ongoing, intense treatment for proliferating medical problems," with her "original impairments worsening and many new ones joining them," obviates the need for an agency finding on medical improvement. (ECF No. 27 at 5.)

In sum, the parties only disagree as to whether remand for further proceedings or payment of benefits is the appropriate remedy for the ALJ's error.

B.  Remedy

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

4

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

The court has reviewed cases in which the ALJ committed legal error in a continuing disability review under 20 C.F.R. § 404.1594 and the question is what remedy is proper.  See, e.g., Travis K. v. Comm'r of Soc. Sec., 2024 WL 41822842, *5 (D. Or. Sept. 13, 2024) (argument that plaintiff's symptoms have worsened is "insufficient ground for immediate award of benefits" where ALJ failed to make required medical improvement determination and "it is not apparent whether the record has been fully developed or that all essential factual issues have been resolved"); see also Loyola, 2024 WL 1160630, at *4 (where ALJ "failed to apply the correct standard of review, the court cannot say that a new administrative hearing would serve no useful purpose.").  Here, absent an agency finding on medical improvement based on the record to date, the court cannot say with assurance that plaintiff continues to be disabled when she was last found disabled following a 2013 car accident.  Remand for the correct eight-step analysis is the appropriate remedy.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (ECF No. 17) is GRANTED except as to remedy;

2.  The Clerk of Court shall enter judgment for plaintiff;

/ / /

/ / /

/ / /

3.  The Commissioner's motion for remand (ECF No. 24) is GRANTED; and

4.  This matter is remanded for further proceedings in accordance with this order.

Dated:  May 4, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/loyo1550.ssi.ckd

6